UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
MARCO CASTELLAR,

                Petitioner,

— against —

FEDERAL BUREAU OF PRISONS,

                Respondent.
-----------------------------------------------------------X

**MEMORANDUM and ORDER**

07-CV-3952 (SLT)(CLP)

**TOWNES, United States District Judge:**

On May 29, 2009, this Court issued a Memorandum & Order rejecting petitioner's challenge to the length of his sentence reduction pursuant to 18 U.S.C. § 3621(e)(2)(B), which authorizes the Bureau of Prisons to grant sentence reductions of up to one year for nonviolent offenders as an incentive for completion of a drug treatment program. On June 8, 2009, petitioner filed a motion for reconsideration, arguing that the Court incorrectly found that the delay in petitioner's admission to the Residential Drug Abuse Program did not violate the Due Process Clause by reducing the maximum possible sentence reduction. According to petitioner, the Court "overlooked the fact that respondent's initial determination of ineligibility for participation in the Residential Drug Treatment Program was both arbitrary, capricious, and an abuse of discretion, and in contravention of 18 U.S.C. § 3621(e)(5)(B) and 28 C.F.R. § 550.56(a)." For the reasons set forth below, the motion for reconsideration is denied.

Even if the initial denial of admission to the program was improper, the resultant decrease in eligibility for a sentence reduction did not deprive petitioner of a liberty interest protected by the Due Process Clause. The determination of a sentence reduction under section 3621(e)(2)(B) is entrusted to the complete discretion of the Bureau of Prisons and, as a result,

does not give rise to a protected liberty interest. *See, e.g., Venegas v. Henman*, 126 F.3d 760, 765 (5th Cir. 1997) ("The loss of the mere opportunity to be considered for discretionary early release is too speculative to constitute a deprivation of a constitutionally protected liberty interest."). In the Memorandum & Order, this Court drew a parallel with the treatment of parole proceedings. In that context, the Second Circuit has explained that "a prisoner's mere hope for the possibility of freedom on parole, unsupported by some basis for his claiming entitlement to it, is insufficient, since it depends wholly on the unfettered exercise of discretion by a board or other authority." *Pugliese v. Nelson*, 617 F.2d 916, 922 (2d Cir. 1980) (citing *Greenholtz v. Inmates of the Neb. Penal & Corr. Complex*, 442 U.S. 1 (1979)); *see also Berard v. State of Vt. Parole Bd.*, 730 F.2d 71, 73–74 (2d Cir. 1984). Petitioner Castellar similarly had no entitlement to a sentence reduction, and the dismissal of his petition was appropriate even if the Bureau of Prisons exceeded the bounds of its discretion when it initially denied him admission to the drug treatment program.

### III. CONCLUSION

For the reasons set forth above, the motion for reconsideration is denied. The Clerk of Court is directed to close this case.

**SO ORDERED.**

Dated: Brooklyn, New York
June 12, 2009

SANDRA L. TOWNES
United States District Judge

2